IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01345-BNB

RALPH LEFTHANDBULL,

    Plaintiff,

v.

STEVE HARTLEY, et al.,
R. STEINBECK,
REAVOR WILLIAMS,
P. SHAUFTER,
TIMOTHY RITTER,
JUAN MARTINEZ,
L. WATKINS,
KEN MOORE,
JOHN "SMOKEY" KURTZ,
RODNEY D. FOURACRE,
KRISTI MOORE,
LEONARD VIGIL,
M. RICHARDSON,
T. REEVES, and
R. JONES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ralph Lefthandbull, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Lefthandbull has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his right to due process under the United States Constitution has been violated. The court must construe the complaint liberally because Mr. Lefthandbull is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not

be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lefthandbull will be ordered to file an amended complaint.

The court has reviewed Mr. Lefthandbull's complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Lefthandbull asserts one claim for relief alleging that he has been denied due process. However, he fails to set forth a short and plain statement of his due process claim showing that he is entitled to relief. It actually appears that Mr. Lefthandbull is asserting multiple due process claims because the facts alleged in the complaint


encompass a number of unrelated events occurring at different prisons over the course of a number of years. Mr. Lefthandbull specifically refers in his due process claim to a prison disciplinary investigation and conviction at the Arkansas Valley Correctional Facility (AVCF) in November 2004, an administrative segregation hearing at AVCF in November 2004, classification hearings at the Colorado State Penitentiary in 2006 and 2008, and a criminal investigation in May 2007. Assuming Mr. Lefthandbull is contending that he has been denied due process in connection with each of these incidents, he fails to allege specific facts that demonstrate how he was denied due process in connection with each incident and he fails to allege specific facts that demonstrate how each named Defendant personally participated in the alleged denials of due process. For example, Mr. Lefthandbull asserts that he was convicted of the prison disciplinary offense of murder in November 2004 but he fails to allege how he was denied due process in connection with that prison disciplinary conviction or which of the named Defendants allegedly denied him due process in connection with the prison disciplinary conviction.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, Mr. Lefthandbull will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Lefthandbull "must explain what each defendant did to him or her;

3

when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Lefthandbull file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Lefthandbull, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Lefthandbull fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED July 7, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01345-BNB

Ralph Lefthandbull
Prisoner No. 120796
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826


I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/7/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk