IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01345-BNB

RALPH LEFTHANDBULL,

      Plaintiff,

v.

STEVE HARTLEY, et al.,
DENNIS McKENNA,
JOHN "SMOKEY" KURTZ,
R. STEINBECK,
TREAVOR WILLIAMS,
JUAN MARTINEZ,
TIMOTHY RITTER,
P. SHAUFTER,
L. WATKINS,
KEN MOORE,
LEONARD VIGIL,
KRISTI MOORE, and
RODNEY D. FOURACRE,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 17 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff Ralph Lefthandbull is a prisoner in the custody of the Colorado

Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr.

Lefthandbull initiated this action by filing ***pro se*** a Prisoner Complaint pursuant to 42

U.S.C. § 1983. In an order filed on July 7, 2009, Magistrate Judge Boyd N. Boland

ordered Mr. Lefthandbull to file an amended complaint that complies with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure. On August 3, 2009, Mr.

Lefthandbull filed an amended Prisoner Complaint in response to Magistrate Judge

Boland's order.  He claims in the amended complaint that he was denied due process in violation of his rights under the United States Constitution.  He seeks damages and declaratory relief.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Lefthandbull is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1) and (2), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended complaint in part as legally frivolous and in part because Mr. Lefthandbull seeks monetary relief from a defendant who is immune from such relief.

The Court must construe the amended complaint liberally because Mr. Lefthandbull is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant. *See id.*

2

As noted above, Mr. Lefthandbull claims that he was denied due process. He alleges in support of his due process claim that he was removed from the general population and placed in segregation for investigation of murder at the Arkansas Valley Correctional Facility in November 2004; that he was convicted of murder following a prison disciplinary hearing in November 2004; that he was reclassified to administrative segregation in November 2004 following his disciplinary conviction; that he was cleared as a murder suspect in April 2008 following DNA testing in May 2007; and that he was retained in administrative segregation following a new administrative segregation hearing in April 2008. Mr. Lefthandbull specifically claims that he was denied due process when he was removed from the general population, at his disciplinary hearing, when his disciplinary conviction was upheld, at his administrative segregation hearings, and when he was ordered to submit to DNA testing.

The Court notes initially that Mr. Lefthandbull may not seek declaratory relief in this action. A "plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured in the future." *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991). Mr. Lefthandbull's claims arose at prisons other than the prison in which he currently is incarcerated, none of the Defendants are located at the prison in which Mr. Lefthandbull currently is incarcerated, and the most recent alleged denial of due process occurred in April 2008. Therefore, the request for declaratory relief will be denied because Mr. Lefthandbull fails to demonstrate that the entry of declaratory relief will have any effect on any Defendants' behavior towards him. *See Green v. Branson*, 108 F.3d 1296, 1300 (10th Cir. 1997).

3

The Court also finds that Mr. Lefthandbull's claim against Defendant Rodney D. Fouracre must be dismissed.  Mr. Lefthandbull contends that Defendant Fouracre, a state district attorney, violated his due process rights when he ordered illegal DNA testing in May 2007.  According to a document attached to Mr. Lefthandbull's original complaint in this action, Defendant Fouracre filed a motion in the Crowley County District Court on May 11, 2007, seeking a court order to compel Mr. Lefthandbull to submit blood and hair samples for DNA testing in accordance with a Colorado criminal procedure rule.  Despite the fact that this DNA testing apparently led to Mr. Lefthandbull being cleared as a suspect in the criminal investigation, Mr. Lefthandbull maintains that he was denied due process by Defendant Fouracre.

Mr. Lefthandbull's claim against Defendant Fouracre lacks merit because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  The Court finds that Defendant Fouracre filed the motion for DNA testing in the course of his role as prosecutor.  Therefore, Defendant Fouracre is entitled to absolute prosecutorial immunity regarding the claim for damages asserted against him and he will be dismissed as a party to this action.

Finally, although Mr. Lefthandbull lists an individual named Leonard Vigil as a Defendant in this action, he does not assert any claims against Mr. Vigil and he fails to allege any facts that demonstrate Mr. Vigil was involved in any way in the asserted

4

constitutional violations. Therefore, Mr. Vigil also will be dismissed as a party to this action.

The Court will not address at this time the merits of Mr. Lefthandbull's due process claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Mr. Lefthandbull's request for declaratory relief is dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(a). It is

FURTHER ORDERED that Mr. Lefthandbull's claim against Defendant Rodney D. Fouracre is dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and Defendant Fouracre is dismissed as a party to this action. It is

FURTHER ORDERED that Defendant Leonard Vigil is dismissed as a party to this action because Mr. Lefthandbull fails to assert any claim against him. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _14_ day of ____Aug,____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01345-BNB

Ralph Lefthandbull
Prisoner No.  120796
Limon Correctional Facility
49030 State Hwy. 71
Limon, CO 80826


       I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 8/17/09

                                          GREGORY C. LANGHAM, CLERK


                                   By: _____
                                                   Deputy Clerk